IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLADYS RODRIGUEZ SEIPLE, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 20-5650 |
| | : | |
| TWO FARMS, LLC, | : | |
|     Defendant. | : | |

**February 13, 2021**                                                                                      **Anita B. Brody, J.**

**MEMORANDUM**

Plaintiff Gladys Rodriguez Seiple brings suit against Defendant Two Farms, LLC d/b/a Royal Farms ("Royal Farms") for unlawful gender, pregnancy, and disability discrimination. Seiple alleges that Royal Farms violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. § 260.1 *et seq.* I exercise federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the Pennsylvania state law claims pursuant to 28 U.S.C. § 1367. Currently pending is Royal Farms' partial motion to dismiss Seiple's ADA claim for failure to exhaust administrative remedies. For the below reasons, I will deny Royal Farms' motion to dismiss Seiple's ADA claim.[1]

---

[1] Royal Farms also moved to dismiss Seiple's PHRA claims for failure to exhaust administrative remedies. On February 8, 2021, defense counsel stated on the record during the Rule 16 conference that he would waive the argument to dismiss Seiple's PHRA claims if the Court denied Royal Farms' motion

**I. BACKGROUND**[2]

Royal Farms is a privately owned chain of convenience stores. On October 17, 2017, Seiple began working for Royal Farms at a store located in Ridley Park, Pennsylvania.

In December 2018, Seiple began Invitro Fertilization ("IVF") procedures in an effort to become pregnant. On July 13, 2019, Seiple became pregnant. Her pregnancy was considered high-risk because of several factors, including her age, her history of miscarriages, her stress level due to her employment, and the fact that IVF pregnancies are at a higher risk than typical pregnancies for severe complications and serious health conditions.

During her first trimester, Seiple's doctors informed her that she had a serious pregnancy complication due to the location of the fetus, which put Seiple's health at risk and had the potential to cause a miscarriage. In September 2019, Seiple notified her supervisors of her high-risk pregnancy and the serious pregnancy complication.

Despite her high risk pregnancy, her supervisor, Customer Service Leader Mike Evans, intentionally made Seiple's shifts more difficult. On December 13, 2019, Seiple began experiencing nausea related to her pregnancy. Seiple told her supervisors, Evans and Store Leader Leon Bullock, that she needed to leave work due to her pregnancy. After Seiple went home and rested, she returned to work and finished her shift. Three days later, on December 16, 2019, Seiple began to experience sharp abdominal pains due to her pregnancy during her shift. She told Bullock that she could not work and went to see her doctor.

---

to dismiss the ADA claim. Because Royal Farms' motion to dismiss Seiple's ADA claim will be denied, the Court deems Royal Farms' motion to dismiss Seiple's PHRA claims withdrawn.

[2] This section includes only facts relevant to the partial motion to dismiss. All facts are taken from the Complaint unless otherwise noted.

When Seiple returned to work on December 18, 2019, she told Bullock that she had a doctor's note stating that she should be excused from work on December 16, 2019. Bullock ignored her and informed her that she was being terminated because she had "abandoned" her position on December 13, 2019 and December 16, 2019 due to "altercations" with Evans.

On June 10, 2020, Seiple dual filed a charge of discrimination against Royal Farms with the Pennsylvania Human Rights Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC Charge"). Charge of Discrimination, Def.'s Mot. Ex. A.[3] In her EEOC Charge, Seiple checked the box that she had been discriminated against because of sex, but she did not check the box for discrimination based on disability. She stated in her EEOC Charge:

> I was hired by Royal Farms in October 2017 as an Assistant Store Leader (ASL). I was terminated on December 18, 2019 while I was 22 weeks into a high risk pregnancy after suffering from nausea and sharp abdominal pains that required me to leave work on December 13, 2019 and December 16, 2019. I visited my OBGYN on December 16, 2020 and received a doctor's note excusing my absense [sic] to provide to my employer. Upon returning to work on December 18, 2019, my employer terminated me and falsely claimed that I "abandoned" my position due to "altercations" with CSL Mike Evans.
>
> I believe I was discriminated against because of my pregnancy in violation of Title VII, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. . . . .
>
> *Please see my attached Declaration for more details.*

Charge of Discrimination, Def.'s Mot. Ex. A (emphasis added).

---

[3] While a court typically may not consider documents outside the pleadings at the motion to dismiss stage, "a court may consider a document that is 'integral to or explicitly relied upon' in the complaint." *Fallon v. Mercy Catholic Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487, 493 (3d Cir. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, the Court will consider Seiple's EEOC charge. The EEOC Charge is integral to the Complaint because Seiple was required to file an EEOC charge in order to exhaust her administrative remedies before bringing suit. *See, e.g., Lee v. Eddystone Fire & Ambulance*, No. CV 19-3295, 2019 WL 6038535, at *1 n.1 (E.D. Pa. Nov. 13, 2019). Additionally, Seiple relies upon the fact that she has exhausted her administrative remedies with the EEOC in her Complaint. *See* Compl. ¶ 9. Lastly, neither party objects to the Court's consideration of Seiple's EEOC Charge.

In the Declaration of Charging Party ("Declaration") attached to Seiple's EEOC Charge, Seiple provided a more detailed account of her experience working at Royal Farms during her pregnancy. Seiple also provided additional information about her high risk pregnancy. Specifically, Seiple explained that her history of miscarriages, use of Invitro Fertilization, her age, and her high stress job all contributed to her high risk pregnancy. Declaration of Charging Party ¶¶ 4-6, Pl.'s Resp. Ex. A. Seiple further elaborated:

> During my first trimester, there was a complication to which my doctor notified me of. This complication could happen spontaneously during my pregnancy and would cause me to miscarry as well as severely affect my own health. My supervisors were notified of this complication in addition to my already high risk pregnancy.

*Id.* ¶ 7.

On August 19, 2020, the EEOC issued Seiple a notice of right to sue letter ("Right to Sue Letter"), informing Seiple that she had to file suit within ninety days of receipt of the letter. On November 11, 2020, Seiple filed her Complaint.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine

the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. DISCUSSION

Royal Farms argues that Seiple has failed to exhaust her ADA claim. To bring suit under the ADA, a plaintiff must first file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 12117 (providing that the same procedures used to enforce Title VII of the Civil Rights Act of 1964 apply to ADA claims); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) ("To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice." (citing 42 U.S.C. §

2000e–5(e)(1))); *e.g., Emmell v. Phoenixville Hosp. Co., LLC*, 303 F. Supp. 3d 314, 324 (E.D. Pa. 2018) (applying the 300-day limitation period to an ADA claim). "Once a charge of some sort is filed with the EEOC, . . . the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . .'" *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (*quoting Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 294, 398-99 (3d Cir. 1976)).

"It has been recognized generally that EEOC charges should be liberally construed because they are preferred by laymen and are usually prepared without legal assistance." *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 864 (3d Cir. 1977); *see also E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 300 (3d Cir. 2010). A plaintiff's failure to check a box indicating the specific type of discrimination on an EEOC charge does not preclude a plaintiff from bringing a claim for that type of discrimination as long as the plaintiff has alleged sufficient facts to put the EEOC on notice of the claim. *See Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010) (holding that even though the plaintiff had not checked the retaliation box on his EEOC charge, he had exhausted his retaliation claim because he had alleged sufficient facts in his EEOC charge to put the EEOC on notice of his claim); *Jones v. UPS, Inc.*, 502 F.3d 1176, 1187 (10th Cir. 2007) (holding that the plaintiff had exhausted her disability claim even though the plaintiff had failed to check a box indicating disability as a basis for her discrimination claim); *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (explaining that "the mere failure to check a box on an EEOC Charge Form" does not necessarily preclude a plaintiff from asserting a claim in federal court).

"Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

Royal Farms argues that Seiple failed to administratively exhaust her disability claim because she did not check the box marked disability on her EEOC charge and did not include any allegations of disability discrimination in the EEOC Charge and supporting Declaration. Seiple counters that she exhausted her ADA claim because she included allegations in her EEOC Charge and Declaration that she was discriminated against based on her pregnancy related medical condition. Thus, she contends that her ADA claim was within the scope of the EEOC investigation that was reasonably expected to grow out of the Charge of Discrimination.

Although pregnancy by itself does not constitute a disability under the ADA, certain complications and impairments that occur as a result of pregnancy may constitute a disability under the ADA. *Brown v. Aria Health*, No. CV 17-1827, 2019 WL 1745653, at *4 (E.D. Pa. Apr. 17, 2019); *Varone v. Great Wolf Lodge of the Poconos, LLC*, No. 3:15-CV-304, 2016 WL 1393393, at *3 (M.D. Pa. Apr. 8, 2016); *Oliver v. Scranton Materials, Inc.*, No. 3:14-CV-00549, 2015 WL 1003981, at *7 (M.D. Pa. Mar. 5, 2015). "[A] pregnancy-related impairment that substantially limits a major life activity is a disability." 29 C.F.R. § Pt. 1630, App.1603.2(h).

Royal Farms argues that Seiple did not exhaust her ADA claim because the allegations in the EEOC Charge and Declaration focused solely on Seiple's pregnancy and provided no indication that Seiple had any disability. Seiple's EEOC Charge and Declaration, however, provided enough information to put that EEOC on notice that Seiple did not have a routine pregnancy and that she may have been discriminated against as a result of a pregnancy-related impairment.

In her EEOC Charge and Declaration, Seiple alleged that she had a high risk pregnancy and developed a pregnancy complication during her first trimester.  She alleged that her high risk pregnancy was due to her IVF pregnancy, history of miscarriages, age, and stressful job.  She also alleged that her pregnancy-complication could cause her to miscarry and severely affect her health.  Importantly, Seiple alleged that she informed Royal Farms of her high risk pregnancy and pregnancy-complication, but despite Royal Farm's knowledge of these conditions, Royal Farms terminated Seiple after two absences from work due to pregnancy-related "nausea" and "sharp abdominal pains."

Royal Farms acknowledges that Seiple alleged that she suffered a high-risk pregnancy and pregnancy-complication in her EEOC Charge and Declaration, but it argues that Seiple did not assert an ADA claim at the administrative level because she only provided the EEOC with "a formulaic recitation of her alleged complicated pregnancy."[4]  Def's Reply 4.  That formulaic recitation, however, was enough to put the EEOC on notice of Seiple's potential disability claim.  Despite Seiple's failure to check the box marked disability on the EEOC Charge, Seiple's allegations were sufficient to place her disability claim within the scope of the EEOC investigation that was reasonably expected to grow out of the charge of discrimination.  Because Seiple exhausted administrative remedies for her ADA claim, I will deny Royal Farms' motion to dismiss her ADA claim.

                                                                                         s/ANITA B. BRODY, J.
                                                                                         ANITA B. BRODY, J.

Copies **VIA ECF**

---

[4] Royal Farms conflates the requirements to administratively exhaust a claim in an EEOC Charge with the requirements to sufficiently plead a claim in a complaint.  While it is true that in order to plead a claim in a complaint, "a formulaic recitation of the elements of a cause of action will not do," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Royal Farms does not move to dismiss the Complaint because Seiple has failed to plead that she is disabled.  Rather, Royal Farms argues that a disability claim was not reasonably expected to grow out of the allegations in Seiple's EEOC Charge and Declaration.